IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**PATRICIA ANN SNOWDEN**                                                              **PLAINTIFF**

vs.                                                                      **CIVIL ACTION NO. 3:14CV246-SAA**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security Administration**                 **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Ann Snowden appeals a decision by the Commissioner of Social Security denying her application for a period of disability (POD) and disability insurance benefits (DIB) under Sections 216(I) and 223 of the Social Security Act and for supplemental security income (SSI) payments under Section 1614(a)(3) of the Act. Plaintiff applied for disability on August 16, 2011, alleging disability beginning on February 1, 2008. Docket 9, p. 108-112. Her claim was denied initially on January 3, 2012, and on reconsideration on March 16, 2012. *Id.* at 66-68, 73-76. She requested a hearing (*id.* at 77) and was not represented by counsel at the hearing held on July 2, 2013. *Id.* at 22-61. The Administrative Law Judge (ALJ) issued an unfavorable decision on September 3, 2013 (*id.* at 6-17), and the Appeals Council denied plaintiff's request for a review on September 26, 2014. *Id.* at 1-3. Plaintiff timely filed this appeal from the ALJ's most recent decision under 42 U.S.C. § 405(g), and it is now ripe for review.

Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

**I. FACTS**

Plaintiff was born on October 1, 1958 and has a high school education. Docket 9, p. 32-33. She was fifty-two years old at the time of her application and fifty-four years old at the time

of the hearing. Her past relevant work was as a customer service clerk, receptionist, general clerk, laundry worker, data entry clerk and office manager. *Id.* at 54. Plaintiff contends that she became disabled before her application for disability as a result of neck problems and pain, limited range of motion in her neck, right knee problems, and numbness of the middle finger on her right hand. Docket 9, p. 142. The ALJ determined that plaintiff suffered from "severe" impairments of "cervical spine degenerative disc disease (status-post discectomy and fusion), and right knee disorder (status-post surgical repair), and obesity" (Docket 9, p. 11), but that her impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). *Id.* at 12.

Based upon testimony by the vocational expert [VE] at the hearing, and after considering the record as a whole, the ALJ determined that plaintiff retains the Residual Functional Capacity [RFC] to

> perform a full range of sedenetary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a). That is; [sic] lift and/or carry up to 10 pounds at a time and lift and/or carry small articles (e.g., docket files, ledgers, small tools) occasionally, standing and/or walk for a total of about two hours in an eight-hour workday, sit for a total of about six hours in an eight-hour workday, and push and/or pull unlimited other than as shown above for lift and/or carry.

Docket 9, p. 13. Upon further analysis under applicable rulings and regulations, the ALJ determined that plaintiff was less than fully credible in describing the intensity, persistence and limiting effects of her claimed symptoms, limitations and subjective complaints. *Id.* at 14. The ALJ evaluated all of the evidence in the record, including testimony of both plaintiff and a VE at the hearing, and found that because plaintiff could perform her previous job as a data entry clerk, she is not disabled under the Social Security Act. *Id.* at 16.

Plaintiff claims that the ALJ erred by concluding that she could perform her past work and by failing to protect her rights as an unrepresented claimant.[1] Docket 17.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[2] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[3] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[4] Second, plaintiff must prove her impairment is "severe" in that it "significantly limits [her] physical or mental ability to do basic work activities . . . ."[5] At step three the ALJ must conclude plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[6] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the

---

[1] Although the heading to Subpart "I" of plaintiff's brief indicates that plaintiff challenges the ALJ's formation of the RFC by concluding that plaintiff could perform a full range of sedentary work, this section of plaintiff's brief only addresses her argument that she cannot perform her past work.

[2] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[3] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[4] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[5] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[6] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

physical and mental demands of her past relevant work.[7] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[8] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she cannot, in fact, perform that work.[9]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[10] even if it finds that the evidence leans against the Commissioner's decision.[11] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence

---

[7]20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[8]20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[9]*Muse*, 925 F.2d at 789.

[10]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[11]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

**A. Whether the ALJ properly determined that plaintiff can perform her past work.**

Plaintiff contends the ALJ improperly determined that she could perform her past work as a data entry clerk worker because the job was too remote in time, and the technology involved in performing the job of a data entry clerk had changed since plaintiff performed that job from 1999 to 2003. Docket 17, p. 12. In addition, plaintiff asserts that the data entry job she performed at Spiral Systems required so much walking, standing, stooping, crouching and kneeling that it would be light work instead of sedentary. *Id.* at 13. These assignments of error both fall under plaintiff's argument that the ALJ failed to follow the requirements of Social Security Regulation ("SSR") 82-62 in evaluating whether she could perform her past work. Docket 17, p. 8-14.

It is the plaintiff's burden at step four to prove she can no longer perform her former work. 20 C.F.R. § 404.1520(f), *Hollis v. Bowen*, 837 F.2d 1378, 1386 (5th Cir. 1988). Plaintiff must present evidence that she cannot perform her previous work as she actually performed it and that she cannot perform the job as it is ordinarily required by employers in the national

5

economy. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). According to 20 C.F.R. §404.1560(b)(1) and 416.960(b)(1), "past relevant work is work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." Further, 20 C.F.R. §404.1565 advises that "A gradual change occurs in most jobs so that after 15 years it is no longer realistic to expect that skills and abilities acquired in a job done then continue to apply. The 15-year guide is intended to insure that remote work experience is not currently applied." Despite plaintiff's assertion that her work as a data entry clerk was too remote in time, the ALJ's determination that plaintiff's work as a data entry clerk was past relevant work was not error. Section 404.1565 clearly dictates that because plaintiff performed the data entry job within the last 15 years – here, within five years of her alleged onset of disability – the ALJ could properly consider it as previous work.

Plaintiff argues that the ALJ did not obtain sufficient information concerning the demands of the data entry clerk position and that the position should be categorized as light work position instead of sedentary work. She also says the ALJ did not comply with SR 82-62's requirement that he obtain sufficient information during the hearing for the court to make an informed decision on this appeal. However, an ALJ is entitled to rely on testimony by a vocational expert ("VE") or the Dictionary of Occupational Titles ("DOT") in determining whether the plaintiff is capable of performing her past work. 20 C.F.R. §§ 404.1560(b)(2), 416.920(b)(2). At the plaintiff's hearing, and after obtaining testimony from the plaintiff about the actual job duties and daily activities at her various jobs she had held, the ALJ asked a VE to categorize plaintiff's past employment; the VE testified that the data entry clerk position was classified by the DOT as DOT 203.582-054 and is a sedentary, semiskilled job. Docket 9, p. 55.

The VE was present during the ALJ questioning. He had heard and considered plaintiff's testimony when he testified that plaintiff's RFC of sedentary allows her to perform the job of a data entry clerk, both as she previously performed it and as it is performed in the national economy. The ALJ properly made a finding of fact as to plaintiff's RFC and the physical and mental demands of her past work. He also complied with §§ 404.1560(b)(2) and 416.920(b)(2) and properly relied upon VE testimony to conclude that plaintiff can perform the job of a data entry clerk based upon her RFC to perform sedentary work, and her RFC therefore allows her to return to her previous work. Plaintiff's assignment of error is without merit.

**B. Whether the ALJ satisfied his duty to protect the rights of an unrepresented claimant.**

Plaintiff alleges a very general assignment of error that the ALJ had a heightened duty to protect her rights and did not do so. Docket 17, p. 14. In a one-paragraph argument, plaintiff asserts that an "attorney would have been able to develop the fact that she would not have been able to return to any of her past jobs." Docket 17, p. 16. She argues that an attorney could have reviewed plaintiff's job description and provided evidence that plaintiff could not perform the data entry clerk position because it required more standing than her RFC allows. *Id.* However, as noted by the Commissioner, plaintiff ignores the fact that the VE testified, and the ALJ accepted, that plaintiff can perform the job of a data entry clerk as it is performed in the national economy–not just as it was previously performed by plaintiff. To establish that she could not perform her previous work, plaintiff must provide proof not only that she cannot perform her work as she previously performed it, but also that she cannot perform it as it is ordinarily performed. *Villa*, 895 F.2d at 1022. Thus, even if the ALJ had inquired further into plaintiff'

work responsibilities as a data entry clerk, and even if plaintiff had had the benefit of counsel, the ultimate conclusion that plaintiff could perform the job of a data entry clerk as it is performed in the national economy would remain the same. The claim that the ALJ failed to satisfy his duty to protect the rights of an unrepresented party is without merit.

### IV.  CONCLUSION

Reading the record as a whole, the court concludes that the ALJ's opinion is supported by substantial evidence and should be affirmed. It is clear that the ALJ reviewed the entire record and developed it further at the hearing, properly identified and analyzed the relevant listed impairments, fully discussed the evidence contained in the record and concluded that the balance tipped toward functional ability in determining whether the plaintiff's impairment met or equaled a listed impairment. The plaintiff did not provide credible evidence that her alleged impairment affects her ability to work, and the ALJ more than adequately explained his reasons for concluding that plaintiff could return to her previous work. As a consequence, the undersigned holds that the ALJ's decision was supported by substantial evidence and must be affirmed. A final judgment in accordance with this memorandum opinion will issue this day.

SO ORDERED, this, the 29th day of July, 2015.

 /s/ S. Allan Alexander
 UNITED STATES MAGISTRATE JUDGE